**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**                              CASE NO. 4:88cr4045-WS
                                     CASE NO. 4:05cv259-WS/WCS

**ERNEST R. STALEY,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION TO DISMISS MOTION TO VACATE**

Through counsel, Defendant filed a motion to vacate, set aside, modify, or correct sentence. Doc. 173. An identical copy was received bearing original signatures of counsel and Defendant. Doc. 175 (docketed as by the clerk as a second motion to vacate). Though 28 U.S.C. § 2255 is not specifically referenced by Defendant, a motion to vacate, set aside or correct a federal sentence is filed pursuant to § 2255.

Defendant challenges the enhancement of his sentence under the sentencing guidelines, based on facts not found by the jury beyond a reasonable doubt. Defendant relies on United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Apprendi v. New Jersey, 530 U.S. 466, 476, 490, 120 S.Ct. 2348, 2355, 2362-63, 147

L.Ed.2d 435 (2000). *Id.*, pp. 1-2. Defendant asserts that these cases apply retroactively on collateral review, and that he must be resentenced in compliance with due process and the right to jury trial. *Id.*, p. 3. Defendant also asserts that he could not have received a non-parolable sentence because his criminal conduct was committed before November 18, 1988. *Id.*, 4.

Due to the age of this case, the file was sent to federal archives. The clerk has scanned a copy of the paper docket into the electronic docket as doc. 172. According to the docket, Defendant filed a 28 U.S.C. § 2255 motion which was denied with prejudice and denial was affirmed on appeal. Docs. 153 (report and recommendation[1]), 155 (order adopting recommendation), doc. 169 (mandate). A docket entry on August 1, 2000, reveals that the Eleventh Circuit denied Defendant's motion for leave to file a second or successive § 2255 motion. Doc. 171.

Defendant must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion. § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Authorization for filing

---

[1] A review of the court's draft of that recommendation (saved in an internal database of opinions) reflects that Defendant raised the argument that he could not receive a non-parolable sentence, and the court rejected it citing United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1459 (11th Cir. 1991), *cert. denied,* 503 U.S. 912 (1992) (holding that non-parole provisions took effect on November 1, 1987). The effective date of the non-parole provisions was actually even earlier. *See* United States v. Young, 975 F.2d 1537, 1539-40 (11th Cir. 1992), *cert. denied,* 507 U.S. 978 (1993) (noting that Laetividal-Gonzalez, had been implicitly overruled, the effective date of the non-parole provisions was October 27, 1986).

Case Nos. 4:88cr4045-WS and 4:05cv259-WS/WCS

a successive motion like Defendant's has been denied in this circuit.  In re Anderson, 396 F.3d 1336, at 1339 (11th Cir. 2005) (denying leave to file successive motion as the Supreme Court has not made Booker or Blakely retroactive on collateral review).  *See also* Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (Blakely and Booker do not apply retroactively on collateral review even when raised in initial § 2255 motion); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (Apprendi announced a new rule which did not apply retroactively on collateral review).  Defendant is advised, however, that forms for seeking authorization to file a second or successive motion are available upon request from the court of appeals.

It is therefore respectfully **RECOMMENDED** that Defendant Staley's motion to vacate (doc. 173 as superceded by doc. 174) be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on August 4, 2005.

                                            s/    William C. Sherrill, Jr.
                                            **WILLIAM C. SHERRILL, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**