## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**

**Case No. 4:88cr4045-WS**
**Case No. 4:07cv372-WS/WCS**

**ERNEST R. STALEY,**

       **Defendant.**

_____/

### REPORT AND RECOMMENDATION TO DISMISS RULE 12 MOTION

This cause is before the court on Defendant's pro se "Motion for Want of Jurisdiction Pursuant to Fed. Rules of Civil Procedure Rule 12(b)(1)."  Doc. 185.  He claims this court lacked jurisdiction to impose a non-parolable sentence, and that jurisdictional defects cannot be waived or procedurally defaulted.  For relief, Defendant seeks resentencing.

Defendant Staley is in custody, and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought pursuant to 28 U.S.C. §

2255.  *See also* United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.").

Defendant has already filed a § 2255 motion which was denied with prejudice, and denial was affirmed on appeal.  Docs. 153 (report and recommendation), 155 (order adopting recommendation), and 169 (mandate).[1]  Defendant must therefore obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255, ¶ 8 (incorporating § 2244); § 2255 Rule 9 (as amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

Defendant is aware of the authorization requirement, as he sought and was denied leave to file a second or successive § 2255 motion by the Eleventh Circuit.  Doc. 171 (docketed in this court on August 1, 2000).  A later § 2255 motion filed by counsel was summarily dismissed as an unauthorized second or successive § 2255 motion.  Docs. 176 (report and recommendation), 179 (order adopting recommendation) and 180 (judgment entered on the docket on September 23, 2005)  He cannot avoid the authorization requirement by labeling his motion as proceeding under something other than § 2255.

---

[1] Due to the age of this case most of the docket entries were made on paper. The clerk scanned a copy of the paper docket (containing entries 1-171) into the electronic docket as doc. 172.

Case Nos. 4:88cr4045-WS and 4:07cv372-WS/WCS

Finally, it is noted that Defendant has previously made the argument that the court could not impose a non-parolable sentence, and this claim has been rejected. *See* doc. 176, p. 2 and n. 1 (report and recommendation).[2]

It is therefore respectfully **RECOMMENDED** that Defendant Staley's Rule 12(b) motion (doc. 185) be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on January 16, 2008.


 S/      William C. Sherrill, Jr.

**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] As set forth there, Defendant made this claim unsuccessfully in his first § 2255 motion, and had raised it again in the second § 2255 motion along with his claim under United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The court relied on its draft (saved in an internal database of opinions) of the recommendation (filed on December 1, 1995, as doc. 153), which was too old to have been scanned into the electronic docket and the file is in archives.

Case Nos. 4:88cr4045-WS and 4:07cv372-WS/WCS